## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

James C. Corthon
and Dorothy M. Corthon

    v.

Spotsylvania County
Board of Supervisors

October 24, 1989

Case No. C-89-524

By JUDGE WILLIAM H. LEDBETTER, JR.

In this declaratory judgment action, James C. and Dorothy M. Corthon ask the court to determine whether the Spotsylvania County Board of Supervisors has authority to exonerate them from payment of interest and penalties on real estate taxes for the period January, 1972, to April, 1988. The Board does not oppose the action; instead, it "joins in" the Corthons' prayer for determination of the Board's authority "under the particular facts of this case."

The case has been submitted to the court on pleadings and arguments of counsel heard on October 13, 1989.

The facts are as follows. In January, 1972, the Corthons conveyed a tract of land in Spotsylvania County to Rothschild. In 1979, the Corthons sued Rothschild, asking that their deed to Rothschild be set aside for failure of consideration *inter alia*. On April 20, 1988, this court set aside the Corthon-to-Rothschild deed and appointed a special commissioner to reconvey the property to Corthon. The reconveyance was accomplished by deed dated April 29, 1988, and the special commissioner's actions were confirmed by the court on May 10, 1988.

Apparently, Rothschild paid no real estate taxes from 1972 to 1988 while title to the property was in his name. Therefore, the unpaid tax, including interest and penalties, constitutes a lien on the property. Virginia Code § 58.1-3340.

Virginia Code § 58.1-3916 provides: "Penalty and interest for failure . . . to pay a tax shall not be imposed if such failure was not the fault of the taxpayer . . . . In Spotsylvania County, the governing body shall have the authority to make such determination of fault."

The threshold question is whether the Corthons are "taxpayers" for the purposes of allowing the Board to exonerate them from the payment of interest and penalties under the quoted statutory provision. The County points out that the Corthons are not personally liable for the tax, since the tax did not accrue during a time when they owned the property. Instead, their land is encumbered by a lien for the tax.

"Taxpayers" is not a defined term in Title 58.1. As a general matter, a taxpayer is one chargeable with a tax, one from whom the government demands a pecuniary contribution toward its support. In a strict sense, the Corthons do not fit that definition. The County is not demanding a pecuniary contribution of them; it is not charging *them* with a tax. Rather, the County is charging their land with the tax and is entitled to enforce the lien for payment of the tax by a sale of that land.

For obvious reasons, then, the word "taxpayers" cannot be construed so broadly as to include all persons whose lands are subject to a tax. To do so would gut the tax lien laws because any purchaser of liened real estate could go before the Board asking for exoneration on the ground that the failure to pay the tax was not his fault.

In this unusual case, however, the Corthons are not purchasers of liened real estate. Their 1972 conveyance to Rothschild has been vacated and set aside. They have reacquired it by court decree. In some respects, in the eyes of equity, it is as if they never conveyed it. Under these circumstances, the court is of the opinion that the Corthons are "taxpayers" for the purpose of the exoneration provision of § 58.1-3916.

As noted above, penalty and interest shall not be imposed if the failure to pay the tax was not the fault of the Corthons. The Spotsylvania County Board of Supervisors has the authority to make such determination of fault. The court refuses to usurp the Board's authority regarding that matter and expresses no opinion on the issue of fault.

Accordingly, the court concludes that the Corthons are "taxpayers" under § 58.1-3916, and they may petition the Board for relief from imposition of penalty and interest.